## Harper Company *v.* Smith, Appellant.

*Evidence,—Contract for drilling a well—Performance in a workmanlike manner.*

In an action of assumpsit to recover the balance due under a written contract for drilling a well, the defendant denied all liability on the ground that the plaintiff had not grouted the well in a workmanlike manner with the result that the water was contaminated.

The sole question being whether the well was properly grouted, evidence concerning an adjacent cess pool, and the sinking of the foundations of a garage, was irrelevant and was properly excluded.

Argued December 8, 1925. Appeal No. 281, October T., 1925, by defendant from judgment of the Court of Common Pleas of Montgomery County, June T., 1924, No. 101, on verdict for plaintiff in the case of Thomas B. Harper Company v. F. W. Smith. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on a written contract. Before MILLER, P. J.

The opinion of the Superior Court states the case.

Verdict for plaintiff in the sum of $1171.36, and judgment thereon.   Defendant appealed.

*Error assigned,* among others, was the various rulings on evidence.

*J. N. Ewing,* of *Saul, Ewing, Remick & Saul,* and with him, *Earl G. Harrison,* for appellant, who did not participate in the proceedings of the court below.

*Aaron S. Swartz, Jr.,* and with him *John M. Dettra,* and *Samuel H. High,* for appellee.

Per Curiam, February 26, 1926:

Plaintiff claimed a balance under a written contract for drilling a well. Defendant (1) denied all liability on the ground that plaintiff had not performed in a workmanlike manner, and (2) counter-claimed for the amount he had paid on account. The trial judge instructed the jury that plaintiff was entitled to recover the total amount claimed, or the defendant the total amount paid on account, as the jury should find the facts one way or the other, and counsel for defendant assented to that instruction; it was in accord with the theory on which the case was tried. With the tacit assent of counsel, it was repeated in supplementary instructions given in response to a request from the jury.

Considered in the light of the issues tried, the third assignment does not merit discussion. We also overrule those complaining that objections to plaintiff's two questions put to defendant in cross-examination were sustained. We adopt the following from the opinion filed by the trial judge: ''The contract contained no guaranty of either the quantity or quality of the water to be obtained. Defendant contended only that the water of the well was contaminated and unfit for human use and that this condition was the direct

result of the unworkmanlike manner in which plaintiff had grouted the well. He, therefore, denied liability for the amount claimed and demanded a return of the money already paid by him on account.......

"When it is understood, as the evidence here shows, just how an artesian well is drilled, and it is also remembered how narrow was the single issue being tried, the utter irrelevancy of the testimony excluded by the trial Judge,—of which exclusion complaint is made by the two additional reasons filed—becomes manifest. We are at a loss to see how such a well can be grouted before it is drilled, or what possible connections, except to confuse the jury, there was between the time when defendant claims to have observed a change in the foundation wall of his little garage and the question of whether or not the well had been properly grouted. The same is true of the cesspool. Both parties knew its location. For that matter, such utilities are not unusual. Under the issue being tried, why encumber the record and distract the jury by the narration of a conversation about this one?" To which need only be added that most, it not all, of the evidence got into the record later.

Judgment affirmed.